B-03-024

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DEC 2 9 2003

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> Plaintiff, § <br> § <br> vs. § Case No. B-01-351 <br> § <br> German Milla-Rodriguez § <br> Defendant, § | |

PETITIONER TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT
TO 28 U.S.C. § 2255 AND MEMORANDUM OF LAW IN ITS SUPPORT

COMES NOW, Petitioner German Milla-Rodriguez, pro-se, and respectfully requests this honorable court to vacate, set aside or correct Petitioner's sentence in the above styled case.

## JURISDICTION

Jurisdiction is invoked upon the honorable court pursuant to 28 U.S.C. § 2255.

## PROCEDURAL HISTORY OF THE CASE

On June 6, 2001 petitioner was encountered by U.S. Border Patrol agents near the Rio Grand River, outside Brownsville, Texas.

On July 3, 2001, a federal grand jury issued a one count indictment, for an alien who had previously been denied admission, excluded, deported, and removed, after having been convicted of an aggravated felony, knowingly and unlawfully was present in the United States having been found in Cameron County, Texas, having not obtained consent of the Attorney General of the

1

United States, in violation of Title 8 U.S.C. § 1326(a) and § 1326(b).

On September 18, 2001 petitioner proceeded to trial and the jury returned a verdict of guilty on the one count indictment, on the same day.

On January 9, 2002 the district court sentenced petitioner to 100 months imprisonment followed by three years of supervisory release, and a $100 assessment fee. No fine was imposed in this case.

Petitioner timely filed a notice of appeal, and on the January 23, 2003 the Fifth Circuit Court of Appeals affirmed petitioner conviction and sentence.

## STATEMENT OF THE FACTS

The indictment charged petitioner as an alien who had previously been denied admission, excluded, deported, and removed, after having been convicted of an aggravated felony, knowingly and unlawfully was present in the United States having been found in Cameron County, Texas, the said petitioner having not obtained the consent of the Attorney General of the United States for reapplication by the petitioner for admission into the Untied States, in violation of 8 U.S.C. § 1326(a) and § 1326(b).

After petitioner was found guilty by the jury in a one day trial. Honorable **Hilda G. Tagle,** U.S. District Judge, sentenced him to **one hundred (100) months** inviolation of §1326(a) and § 1326(b).

2

Petitioner's sentence was enhanced by **16 levels** pursuant to **2L1.2(b)(1)(A)** based on a prior aggravated feolny conviction of April 29, 1991 for attempted burglary second-degree.

The facts outlined herein raise a question pertaining to, **(1)** Whether sufficient factual basis existed for the application of **2L1.2** by the district court to enhance petitioner's sentence by **16 levels?**

### STANDARD OF REVIEW

In **U.S. v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001)**, the court stated "an increase of 16 offense levels if removal from the United States was proceded by a conviction for an "aggravated felony." Accordingly Note 1 of the guidelines 2L1.2 refers to 8 U.S.C. § 1101(a)(43) for the definition of "aggravated felony". Section 1101(a)(43) lists several examples of offenses considered aggravated felonies." 243 F.3d at 923 [5].

In **U.S. v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999)**, the court stated "in which we concluded, " § 1101 offers a series of definitions applicable to the entire chapter---. 178 F.3d at 730.

In **U.S. v. Reyna-Espinosa, 117 F.3d 826 (5th Cir. 1997)**, the court stated "Section 1101 (a)(43) implies that Congress did not intend to limit the scope of the definition of "aggravated felony" for purpose of 2L1.2(b)(2). Instead it employed specific exclusive language, stating that aggravated felony **"means"** followed by a full paragraph of definitions of crimes derived from only 5 to 21 paragraphs of § 1101 (a)(430". 117 F.3d at 829 [2].

3

In **U.S. v. Maul-Valverde, 10 F.3d 544 (8th Cir. 1993)**, the court stated "Both the statute and this guideline use the definition of aggravated felony found in 8 U.S.C. § 1101(a)(43)". 10 F.3d at 545 [I].

## DISCUSSION

In enhancing petitioner's sentence by sixteen **(16) levels**, the probation officer relied upon the statutory interpretation of **U.S.S.G. § 2L1.2(b)**, application note 1, as an individual deported subsequent to an aggravated felony conviction. The basis for the enhancement of **16 levels** was a conviction on April 29, 1991 for attempted burglary second degree, and he was accordingly sentenced to **100 months** of imprisonment by Honorable **Hilda G. Tagle**.

The issue is whether the sentencing enhancement of **16 levels** pursuant to 2L1.2(b) is applicable to petitioner's case.

The starting place for the determination of sentencing enhancement by **16 levels** within 2L.12(b)(1)(A) is the language of the charging document (indictment issued on July 3, 2001) and the statue itself, **U.S. v. White 258 F.3d 374, 381 (5th Cir. 2001)**.

The indictment issued on July 3, 2001 alleged that the petitioner had been convicted of an aggravated felony, knowingly and unlawfully was present in the United States having been found in Cameron County, Texas.

Upon preparing the Pre-Sentencing report, the probation office, under Special Offense Characteristics stated that on April 29, 1991, defendant Milla-Rodriguez appeared before Criminal Court in Suffolk County, New York, Case no. 262-A-91 for the offense of Attempted Burglary-2nd degree, an aggravated

4

felony, as defined in 8 U.S.C. § 1101(a)(43)(G), and arbitrarily applied U.S.S.G. § 2L1.2(b)(1)(A), without sufficient evidence.

In **United States v. Valenzuela-Hernandez, 72 Fed. Appx. 686 (9th Cir)(August 11, 2003)**, the Circuit held that the district court cannot rely on defendants' presentence reports (PSR'S) alone to determine whether prior offenses were crimes of violence when applying sentence enhancements. **Valenzuela-Hernendez** was convicted of illegal reentry. The district court applied a 16 level enhancement based on the assertion in his **PSR** that he had previously been convicted of a crime of violence. **Valenzuela-Hernandez's PSR** described his previous state conviction for burgulary as a crime of violence without citing the statute of conviction or other judicial noticeable documents. The Ninth Circuit Court of Appeals concluded that more evidence, beyond the description in the **PSR**, was needed to determine whether the prior conviction was for a crime of violence.

Likewise in **German Milla-Rodriguez**, the **PSR** does not provide any evidence to establish a crime of violence, and cites no statute of conviction.

In Petitioner case, the grand jury impanelled in Suffolk County, New York, indicted petitioner for burglary in the second degree, but without stating which statute petitioner violated, and offered no judicial noticeable documents. See Exhibit 1 of the indictment from Suffolk County, New York.

The probation officer in preparing the **PSR** arbitrarily applied 2L1.2(b)(1)(A), without sufficient evidence of aggravated felony or a crime of violence, and the sentencing court accepted the recommendations of the probation department without

.5

due diligence or any fact finding.

Had the district court properly engaged in fact finding, it would have found no evidence to support a **16 level** enhancement in Petitioner's sentence.

In applying 2L1.2 of the sentencing guidelines, there are several subdivisions that can be applied, that would further serve justice in the instant case. Part **(C)** is for an aggravated felony not described in part **(A)**. Part **(C)** allows for an **8 level** enhancement. Part **(D)** allows for a **4 level** increase for any other felony, while **(E)** provides for a **4 level** enhancement for misdemeanors that are crimes of violence or drug trafficking offenses.

Since the indictment from Suffolk county, New York, provides no statute of conviction or other judicial noticeable doucments, the petitioner contends that the **16 level** enhancement for which he received, was not applicable to his case at time of sentencing, and therefore should be remanded back to the district court and resentenced under to proper application of the sentencing guidelines.

Under the instant circumstances, the petitioner should be sentenced for part **(D)** or **(E)**, since the indictment from Suffolk County, New York, does not specify what statute of conviction or other noticeable judicial documents, and the probation department cannot arbitrarily apply an enhancement on a whim, to justify a longer term of imprisonment.

Therefore petitioner respectfully request that the court re-sentence him in accordance with the above applied facts, to end this travesty of justice.

6

                                                Respectfully submitted,

Date: December 24, 2003　　　　　*German M. R* (signature)
　　　　　　　　　　　　　　　　　German Milla-Rodriguez
Place: Beaumont, Texas　　　　　#02488-265
　　　　　　　　　　　　　　　　　FCC-Medium
　　　　　　　　　　　　　　　　　P.O. Box 26040
　　　　　　　　　　　　　　　　　Beaumont, Texas 77720

### CERTIFICATE OF SERVICE

I, German Milla-Rodriguez, hereby certify that a copy of the foregoing petition was sent to:

    Mr. Michael Rodriguez
    Assistant U.S. Attorney
    600 E. Harrison St., #201
    Brownsville, Texas 78520-7155

I affirm under penalty of perjury that the foregoing is true and correct.

                                                   by

                                       *German M. R* (signature)
                                       German Milla-Rodriguez